**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| NATALIE TRENT, as Executrix of the Estate of FRANK TRENT, on behalf of herself and all others similarly situated,<br><br>Plaintiff(s),<br><br><br>-against-<br><br>WELTMAN, WEINBERG & REIS CO., LPA,<br><br>Defendant(s). | Civil Case Number: _____<br><br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

**LOCAL CIVIL RULE 10.1 STATEMENT**

1.      The mailing addresses of the parties to this action are:

NATALIE TRENT
17 Hollywood Avenue
Fairfield, New Jersey 07004

WELTMAN, WEINBERG & REIS CO., LPA
965 Keynote Circle
Brooklyn Heights, Ohio 44131

**PRELIMINARY STATEMENT**

2.      Plaintiff on behalf of herself and all others similarly situated ("Plaintiff"), by and through her attorneys, alleges that Defendants, WELTMAN, WEINBERG & REIS CO., LPA ("WWR") and JOHN DOES 1-25, their employees, agents and successors (collectively "Defendants") violated 15 U.S.C. § 1692 *et seq*., the Fair Debt Collection Practices Act (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction over this action pursuant to 15 U.S.C. § 1692k(d).  This is an action for violations of 15 U.S.C. § 1692 *et seq*.

4.     Venue is proper in this district under 28 U.S.C. §1391(b) and 15 U.S.C. § 1692k(d) because the acts of the Defendant that give rise to this action, occurred in substantial part, in this district.

## DEFINITIONS

5.     As used in this complaint, the terms "creditor," "consumer," "debt" and "debt collector" are defined at 15 U.S.C. § 1692a.

## PARTIES

6.     Plaintiff is a natural person, a resident of Essex County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

7.     WWR maintains a location at 965 Keynote Circle, Brooklyn Heights, Ohio 44131.

8.     WWR uses the instrumentalities of interstate commerce or the mails to engage in the principal business of collecting debt and/or to regularly engage in the collection or attempt to collect debt asserted to be due or owed to another.

9.     WWR is a "Debt Collector" as that term is defined by 15 U.S.C. § 1692(a)(6).

10.     John Does 1-25, are currently unknown Defendants whose identities will be obtained in discovery and at that time will be made parties to this action pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP"); Rule 15, Rule 20 and Rule 21. Plaintiff's claims against the currently unknown Defendants arise out of the same transaction, occurrence or series of transactions arising from known Defendant's actions and are due to common questions of law and fact whose joinder will promote litigation and judicial efficiency.

## CLASS ACTION ALLEGATIONS

11.     Plaintiff brings this action as a state-wide class action, pursuant to Rule 23 of the FRCP, on behalf of herself and all New Jersey consumers and their successors in interest (the "Class"), who were harmed by the Defendant's conduct in violation of the FDCPA, as described in this Complaint.

12.     This Action is properly maintained as a class action. The Classes are initially defined as:

> All New Jersey consumers who WWR contacted or attempted to contact after receiving a communication the same or substantially similar to Exhibit A.
>
> The class definition may be subsequently modified or refined.
>
> The Class period begins one year prior to the filing of this Action.

13.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

a.     Numerosity: The Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who were harmed by the Defendant's conduct in violation of the FDCPA. Plaintiff is complaining about a standard conduct and/or policy that occurred to at least fifty (50) persons.

b.     Commonality: There are questions of law and fact common to the class members which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

    i.      Whether the Defendants violated various provisions of the FDCPA as set forth herein:

    ii.     Whether Plaintiff and the Class have been injured by the Defendants' conduct;

    iii.    Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants' wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

    iv.    Whether Plaintiff and the Class are entitled to declaratory relief.

c.   <u>Typicality:</u> Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

d.   <u>Adequacy of Representation:</u> Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class. Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

14.    A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates no unusual difficulties in the management of this class action.

15.    A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to

seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as damages.

16.      Defendant(s) have acted on grounds generally applicable to the entire Class, thereby making appropriate final relief with respect to the Class as a whole.

## STATEMENT OF FACTS

17.      Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

18.      At some time prior to October 8, 2021, FRANK TRENT allegedly incurred a financial obligation to DISCOVER BANK ("DISCOVER").

19.      The DISCOVER obligation arose out of a transaction, in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

20.      FRANK TRENT incurred the DISCOVER obligation by obtaining goods and services which were primarily for personal, family and household purposes.

21.      The DISCOVER obligation did not arise out of a transaction that was for non-personal use.

22.      The DISCOVER obligation did not arise out of a transaction that was for business use.

23.      The DISCOVER obligation is a "debt" as defined by 15 U.S.C. § 1692a(5).

24.      DISCOVER is a "creditor" as defined by 15 U.S.C. § 1692a(4).

25.      FRANK TRENT passed away in 2021.

26.      The Essex Surrogates Court of the State - issued Letters of Testamentary to Plaintiff on August 12, 2021.

27.     At some time prior to October 8, 2021, DISCOVER or an intermediary entity referred the DISCOVER obligation to WWR for the purpose of collection.

28.     At the time the DISCOVER obligation was allegedly referred to WWR, the DISCOVER obligation was in default.

29.     Defendants caused to be delivered to Plaintiff a letter dated October 8, 2021, which was addressed to the Estate of FRANK TRENT. A copy of said letter is annexed hereto as **Exhibit A**, which is fully incorporated herein by reference.

30.     The October 8, 2021 letter was sent in connection with the collection of the DISCOVER obligation.

31.     The October 8, 2021 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32.     The October 8, 2021 letter was the initial written communication that was received from Defendant.

33.     In response to Defendant's October 8, 2021 letter, Defendant received a letter from Joseph K. Jones, Esq. (Jones, Esq.") of Jones, Wolf & Kapasi, LLC ("JW&K") dated December 9, 2021.

34.     The December 9, 2021 letter stated in part:

> **This firm has been retained to represent the interest the Estate of Frank Trent relative to the above-referenced matter.** PLEASE TAKE NOTICE, that the Estate of Frank Trent hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.
>
> Pursuant to 15 U.S.C. §1692c(c), **you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with the Estate of Frank Trent.** Furthermore, the Estate of Frank Trent hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile

> telephone, (whether by calling), texting, land line, emailing or to any facsimile device. **In addition, the Estate of Frank Trent prohibits you from sharing his personal information and/or any information related to this account with any persons/entities without its prior written consent.**
>
> As provided for under 15 U.S.C. §1692g(a), **my client disputes the validity of the alleged debt** and demands a verification, a full accounting, and the name and address of the original creditor. **Kindly forward all such information to our New Jersey office.** Additionally, pursuant to 15 U.S.C. §1692e(8), if the Weltman, Weinberg & Reis Co., LPA is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed. (emphasis added)

35.     After receiving the December 9, 2021 letter, Defendant communicated with other persons despite knowledge that the Estate of Frank Trent was represented by Jones, Esq. and JW&K with respect to the DISCOVER obligation.

36.     After receiving the December 9, 2021 letter, Defendant made telephone calls to the Maneri Law Firm, LLC in connection with the DISCOVER obligation.  These calls include, but may not be limited to:

      a.     Leaving a voicemail at approximately 10:07am on February, 3, 2022;

      b.     An answered call at approximately 3:32pm on March 16, 2022.

37.     WWR knew or should have known that its actions violated the FDCPA.

38.     Defendants could have taken the steps necessary to bring their actions within compliance with the FDCPA but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

## POLICIES AND PRACTICES COMPLAINED OF

39.     It is Defendant's policy and practice to violate the FDCPA, by *inter alia*:

      (a)     Improperly contacting third parties;

      (b)     Failing to cease communication with the consumer;

      (c)      Using false, deceptive or misleading representations or means in connection with the collection of a debt; and

      (d)      Using unfair or unconscionable means to collect or attempt to collect any debt.

40.      Defendant engaged in the practices described herein, for at least 50 natural persons within New Jersey within one year of this Complaint.

## COUNT I

## FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *et seq*. VIOLATIONS

41.      Plaintiff, on behalf of herself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42.      As described herein, Defendant violated various provisions of the FDCPA including but not limited to:  15 U.S.C. § 1692b; § 1692b(6) § 1692c(b); § 1692c(c); § 1692e; and § 1692f.

43.      As described herein, Defendants violated 15 U.S.C. § 1692b of the FDCPA.

44.      As described herein, Defendants violated 15 U.S.C. § 1692b(6) of the FDCPA.

45.      As described herein, Defendants violated 15 U.S.C. § 1692c(b) of the FDCPA.

46.      As described herein, Defendants violated 15 U.S.C. § 1692c(c) of the FDCPA.

47.      As described herein, Defendants violated 15 U.S.C. § 1692e of the FDCPA.

48.      Defendant's false, misleading and deceptive statement(s) is material to the least sophisticated consumer.

49.      As described herein, Defendants violated 15 U.S.C. § 1692e(10).

50.      As described herein, Defendants violated 15 U.S.C. § 1692f et seq. by using unfair or unconscionable means to collect or attempt to collect the debt.

51.     Congress enacted the FDCPA in part to eliminate abusive debt collection practices by debt collectors.

52.     Plaintiff and others similarly situated have a right to be free from abusive debt collection practices by debt collectors.

53.     Plaintiff and others similarly situated have a right to receive proper notices mandated by the FDCPA.

54.     Plaintiff and others similarly situated were sent letters, which could have affected their decision-making with regard to the debt.

55.     Plaintiff and others similarly situated have suffered harm as a direct result of the abusive, deceptive and unfair collection practices described herein.

56.     Plaintiff has suffered damages and other harm as a direct result of Defendants actions, conduct, omissions and violations of the FDCPA described herein.

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)     Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative and her attorneys as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages, including but not limited to a disgorgement of all money collected during the relevant period;

(d)     Awarding pre-judgment interest;

(e)     Awarding post-judgment interest.

(f)     Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(g)     Awarding Plaintiff and the Class such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated: March 23, 2022          Respectfully submitted,

By:   *s/ Joseph K. Jones*
      Joseph K. Jones, Esq. (JJ5509)
      JONES, WOLF & KAPASI, LLC
      375 Passaic Avenue
      Fairfield, New Jersey 07004
      Phone: (973) 227-5900
      Fax: (973) 244-0019
      *Attorneys for Plaintiff*

## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Dated: March 23, 2022

*s/ Joseph K. Jones*
Joseph K. Jones, Esq. (JJ5509)
JONES, WOLF & KAPASI, LLC
375 Passaic Avenue
Fairfield, New Jersey 07004
Phone: (973) 227-5900
Fax: (973) 244-0019
*Attorneys for Plaintiff*

# EXHIBIT

# A

*New York*
One Grand Central Place
60 East 42nd St., 46th Floor
New York, NY 10165
p. (646) 459-7971
f. (646) 459-7973

*New Jersey*
375 Passaic Ave., Ste. 100
Fairfield, NJ 07004
p. (973) 227-5900
f. (973) 244-0019



Joseph K. Jones, Esq.††
Benjamin J. Wolf, Esq.††
Anand A. Kapasi, Esq.†
Paul Gottlieb, Of Counsel

††Admitted NY, NJ, CT
†Admitted NY, NJ

www.legaljones.com

*Reply to:  New Jersey*

December 9, 2021

<u>Via Facsimile: (216) 335-5180 and First Class Mail</u>

**Weltman, Weinberg & Reis Co., LPA**
965 Keynote Circle
Brooklyn Heights, Ohio 44131

                Re:      Estate of Frank Trent
                      Your File No.: ████801

To Whom It May Concern:

      This firm has been retained to represent the interest the Estate of Frank Trent relative to the above-referenced matter.  PLEASE TAKE NOTICE, that the Estate of Frank Trent hereby disputes the validity of the debt. Therefore, you are not to assume this debt to be valid.

      Pursuant to 15 U.S.C. §1692c(c), you are hereby instructed to immediately *Cease and Desist* all collection efforts and communications with the Estate of Frank Trent.  Furthermore, the Estate of Frank Trent hereby revokes any and all prior authorization or permission, whether given in writing, orally or otherwise, that may have been granted to make contact *via* mobile telephone, (whether by calling), texting, land line, emailing or to any facsimile device.  In addition, the Estate of Frank Trent prohibits you from sharing his personal information and/or any information related to this account with any persons/entities without its prior written consent.

      As provided for under 15 U.S.C. §1692g(a), my client disputes the validity of the alleged debt and demands a verification, a full accounting, and the name and address of the original creditor.  Kindly forward all such information to our <u>New Jersey</u> office. Additionally, pursuant to 15 U.S.C. §1692e(8), if the Weltman, Weinberg & Reis Co., LPA is reporting credit information concerning this alleged debt, then it is obligated to report it as disputed.

      Your anticipated cooperation in this matter is appreciated.

                        JONES, WOLF & KAPASI, LLC

                        */s/ Joseph K. Jones*
                        Joseph K. Jones, Esq.
                        jkj@legaljones.com